## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVIN HINES<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>    PLAINTIFF<br><br>v.<br><br>ISCHIA, INC.<br>D/B/A RISTORANTE LA PERLA<br>2600 Pennsylvania Avenue, NW<br>Suite 101<br>Washington, DC 20037<br><br>SERVE:   Nonprofit Corporation Services, Inc.<br>              1735 20th Street, NW<br>              Washington, DC 20009<br><br>And<br><br>VITTORIO TESTA<br>2600 Pennsylvania Avenue, NW<br>Suite 101<br>Washington, DC 20037<br><br>    DEFENDANTS. | Case No.: |

## **COMPLAINT**

Plaintiff Calvin Hines ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Ischia, Inc. ("Ischia") and Vittorio Testa ("Testa") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Ischia is a corporation formed under the laws of the District of Columbia.

4. At all times, Testa has been the primary owner, officer, and head chef of Ischia. In this capacity, Testa, individually, was Plaintiff's most senior manager and supervisor. In this role, Testa, individually, controlled all day-to-day operations of the restaurant, had the power to hire, fire, and discipline employees, set Plaintiff's work hours and his rate and method of pay, and was individually in charge of keeping and maintaining all employee records.

5. At all times relevant, Defendants operated continuously as an eatery in the District of Columbia.

6. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

7. At all times Defendants used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times, Plaintiff and at least two other employees of Defendants were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Pursuant to the foregoing, at all times, both Defendants were Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPA.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff is currently employed by Defendants as a bartender at Defendants' Ristorante La Perla of Washington Restaurant located at 2600 Pennsylvania Avenue, NW, Suite 101, Washington, DC 20037 and has been employed in that capacity since about October 10, 2016.

13. While employed, Plaintiff has worked a schedule substantially similar to the following:

| | |
|---|---|
| Monday: | Off; |
| Tuesday: | 3:00 PM - 11:00 PM / 12:00 AM; |
| Wednesday: | 3:00 PM - 11:00 PM / 12:00 AM; |
| Thursday: | 10:30 AM - 11:00 PM / 12:00 AM; |
| Friday: | 3:30 PM - 12:00 AM / 1:00 AM; |
| Saturday: | 3:30 PM - 12:00 AM / 1:00 AM; and |

Sunday: 3:30 PM - 11:00 PM / 12:00 AM

14. While employed, Plaintiff has worked, on average, about fifty-five (55) to sixty (60) hours per week.

15. For all hours worked, Defendants agreed to pay Plaintiff according to the following pay plan:

    a. $500.00 salary per week; plus

    b. Receipt of all bar tips minus the 3% credit card service fee; plus

    c. 5% of the weekly pooled tips from the waiters.

16. The rate, method, and amount Defendants have paid Plaintiff constitute a violation of Federal and District of Columbia law.

17. At all times, Defendants have paid Plaintiff at the non-overtime rate of $12.50 per hour ($500.00 / 40 = $12.50).

18. Without legal excuse or justification, Defendants have paid Plaintiff no wages for overtime hours worked over forty (40) per week.

19. Defendants should have paid Plaintiff at the rate of one-and-one-half times Plaintiff's regular hourly rate ($12.50 per hour *1.5 = $18.75 per hour) for each overtime hour Plaintiff worked over forty (40) per week.

20. Defendants now owe Plaintiff unpaid overtime wages at the rate of one-and-one-half times Plaintiff's regular hourly rate for each hour Plaintiff worked more than forty (40) per week.

21. To date, Defendants have failed to pay Plaintiff overtime wages for hours worked more than forty (40) per week in the amount of about $9,000.00.

22. Further, Defendants have engaged in a practice of skimming and

4

deducting wait staff tips resulting in a reduction of Plaintiff's wages from wait staff tips in the approximate amount of $100.00 per week.

23. To date, Defendants have withheld and failed to pay Plaintiff promised tip wages in the amount of about $2,500.00.

24. At all times, Defendants have had actual knowledge of the Federal and District of Columbia minimum wage and overtime requirement.

25. Prior to the commencement of Plaintiff's employment, Defendants were put on notice of their obligation to pay employees in accordance with Federal and District of Columbia law because in 2013 and 2014, Defendants were involved in litigation in the United States District Court for the District of Columbia for an alleged failure to pay wages to employees in compliance with the Federal and District of Columbia wage laws.

26. At all times, Defendants had actual knowledge that the rate and method by which Defendants compensated Plaintiff was in direct violation of Federal and District of Columbia law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

28. The FLSA required Defendants to pay Plaintiff for non-overtime hours at an hourly rate at least equal to the Federal Minimum Wage and for overtime hours at the FLSA required time-and-one-half rate.

29. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the FLSA requirements.

30. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid wages in such an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

31. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

32. The DCMWA required Defendants to pay Plaintiff for non-overtime hours at an hourly rate at least equal to the District of Columbia Minimum Wage and for overtime hours at the DCMWA required time-and-one-half rate.

33. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the DCMWA requirements.

34. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
## DCWPA

35. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

36. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

37. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

38. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned, promised, and required by agreement between the parties and by Federal and District of Columbia law.

39. Defendants owe Plaintiff wages for work duties performed as set forth above.

40. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

41. Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated

damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*